No. 5693.

SUCCESSION OF S. W. THOMPSON VS. SAMUEL B. ALLISON. MRS. A. L. PAGAUD, GARNISHEE.

The succession of S. W. Thompson being the owner of a claim of Baker & Thompson against S. B. Allison, brought this suit against him and made Mrs. A. L. Pagaud party garnishee, propounding interrogatories as to the amount of her indebtedness to Allison, who is an absentee. To those interrogatories she answered that, under the circumstances, which she recited in said answer, she was not indebted to Allison in any sum whatever, but that, on the contrary, Allison was indebted to her.

This answer was traversed, and the record of a suit of Baker & Thompson vs. Mrs. Pagaud was introduced to show that by her pleading Mrs. Pagaud judicially admitted that she owed Allison a certain specific sum.

The garnishee, in answer to the interrogatories herein, admits that she owes Allison, under a certain contract with him to build a house for her, the said specific sum, but claims that Allison owes her by an express clause of the same contract a penalty which more than covers the said sum and which penalty was incurred in consequence of his not having finished the building according to the specifications and within the required delay.

There is nothing in the case referred to which estops the garnishee from asserting her claim to the stipulated penalty. That claim is property. No one is presumed to give. The penalty exceeds the indebtedness of garnishee, against whom the evidence shows that plaintiff is not entitled to judgment.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. Hornor & Benedict*, for plaintiff and appellee. *Singleton & Browne*, for garnishee, appellant.

WYLY, J. In 1868 Baker & Thompson sued Mrs. A. L. Pagaud for $1059 54, the alleged value of lumber furnished by them to Samuel B. Allison, who was employed to build a certain dwelling-house for Mrs. Pagaud. She pleaded the general issue, and alleged that she employed Allison to build the house on the terms stated in the answer; that he abandoned his contract and she was compelled to employ mechanics and

laborers and buy materials to complete the dwelling-house as per contract, and that after finishing the same "a balance of twelve hundred dollars or thereabouts was due to contractor, a detailed and particular statement of which will be filed as soon as she possibly can." The detailed account was filed, and it showed Mrs. Pagaud paid out $2778 87, which, deducted from the contract price, $3700, leaves a balance of $921 13.

The court below decided in favor of plaintiff, but on appeal this court reversed the judgment, holding that Mrs. Pagaud was not bound personally, because it was the debt of Allison, the contractor; also, that plaintiff had no privilege on the property of Mrs. Pagaud, because the contract of the builder had not been recorded.

In June, 1874, the succession of S. W. Thompson, being the owner of this claim of Baker & Thompson against S. B. Allison, brought this suit against him and made Mrs. A. L. Pagaud party garnishee, propounding interrogatories as to the amount of her indebtedness to Allison, who is an absentee. To these interrogatories she answered, stating that "in August, 1867, she made a contract with S. B. Allison to build her a dwelling-house on Dryades street, for which she was to pay $3700, as follows: $250 in cash when the frame was up; $1600 in a note payable at twelve months from the date the roof was on and completed; $250 in cash when the building was completed; and $1600 in a note payable two years after the date of the completion of the building; that by said contract said builder agreed and bound himself to finish and complete said building by the first of November, 1867, and to forfeit and pay respondent ten dollars per day for each and every day after the first of November, 1867, during which he shall fail to have the building completed as stipulated; that your respondent paid said S. B. Allison two hundred and fifty dollars in cash when the frame was up, as per terms of the contract; that Allison failed to complete the building on the first of November, 1867, and never earned any other installment under said contract, and abandoned the work entirely on or about the ninth day of January, 1868, and respondent was obliged to employ workmen, buy materials, and finish the building; that respondent was obliged to pay out, in order to have the work finished according to contract, after said Allison had abandoned it, $2487 87, leaving a balance of $912 13 unexpended by respondent of the contract price, which would have been due and owing to said Allison by respondent, if there had been no delay in the completion of the building; but that though your respondent proceeded with all reasonable diligence to complete the building after said Allison abandoned it, she was unable to do so until about the first of March, 1868, making one hundred and twenty days delay from first November, 1867, when said Allison agreed and bound himself to finish the building, to

the first of March, 1868, when said building was completed, which, at ten dollars per day forfeit, made said Allison the debtor of your respondent in the sum of twelve hundred dollars forfeit; and said Allison was and is thus a debtor of respondent in the sum of $287 87, and your respondent is not indebted to said Allison in any sum whatever."

This answer was traversed, and the record of the suit of Baker & Thompson vs. Mrs. A. L. Pagaud, heretofore referred to, was introduced to show that by her pleading Mrs. Pagaud judicially admitted that she owed Allison some twelve hundred dollars.

We think the garnishee is not concluded by the answer which she filed in the case referred to, further than that she owed Allison the difference between the contract price and the amount expended on the building by her to complete it after the same had been abandoned; and this difference was shown to be $921 13 by the detailed bill which she filed, and which must be taken as part of her answer in the case referred to.

The garnishee, in answer to the interrogatories herein, admits that she owes Allison this sum, but claims that Allison owes her by an express clause of the contract a penalty of ten dollars for each day the completion of the building was delayed after the first of November, 1867, and that the aggregate amount of this penalty is twelve hundred dollars.

We find nothing in the case referred to that estops the garnishee from asserting her claim for the penalty stipulated for the mere delay in executing the contract by Allison. That claim is property. No one is presumed to give. She owes Allison $921 13. Allison owes her the amount of the penalty stipulated for the delay in executing his contract; and this penalty exceeds in the aggregate the amount she owes Allison. At the time Allison abandoned the contract he was owing a penalty of ten dollars per day for sixty days, the contract being past due for that length of time. It required sixty days for Mrs. Pagaud to finish the building after it was abandoned by the contractor. Under the contract Mrs. Pagaud was entitled to a penalty of ten dollars per day for the whole period of the delay in executing the contract, the penalty being "stipulated merely for the delay." Revised Code, article 2125.

At the time the work was abandoned by Allison, Mrs. Pagaud was not owing him an installment, and it is not true the contract was abandoned because she refused to pay the contractor. She paid the first installment; the second was not due, because the roof of the building was not completed, and it was only then that he was entitled to her note for sixteen hundred dollars, payable at twelve months. Nor is it true that Mrs. Pagaud changed the plan of the building after it was abandoned by Allison. On the contrary, Ross, the head carpenter, who was employed to complete the house after it was abandoned by Allison, testifies there was no change in the plan.

On the whole, we think the evidence shows that plaintiff is not entitled to judgment against the garnishee.

It is therefore ordered that the judgment herein be annulled, and it is decreed that the rule against the garnishee, Mrs. A. L. Pagaud, be discharged, and that plaintiff's demand as to her be rejected with costs of both courts.

LUDELING, C. J., *dissenting.* The plaintiff sued defendant for the price of building materials used on the house of the garnishee, and propounded interrogatories to the garnishee as to her indebtedness to defendant. She answered that there was a balance due on the contract price of $912 13, but that in consequence of the failure of the defendant, Allison, to complete the work within the delay fixed he had forfeited this amount. The plaintiff traversed these answers, and proved that she had judicially admitted her indebtedness in a former suit. The evidence shows that this defense was an after-thought and without merit. I dissent.

TALIAFERRO, J., *dissenting.* I concur in the dissenting opinion.

Rehearing refused.