## FLANDERS v. MOTOR SALES AND SERVICE, INC.

(December 10, 1928. Opinion and Decree.)
(January 7, 1929. Rehearing Refused.)

Harry Gamble and Bert Flanders, Jr., of New Orleans, attorneys for plaintiff, appellee.

Michel Provosty, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff sues defendant for the sum of $590.00, of which amount $15.00 is claimed as actual damages to a building, owned by plaintiff, and leased to defendant, and $25.00 per day for twenty-three days, or $575.00 as liquidated damages.

There was judgment for plaintiff, as prayed for, and defendant has appealed.

The record indicates that there was some actual damage to plaintiff's property, for which defendant is responsible, and, though we are of the opinion as was the trial court, that the evidence is somewhat vague, the amount claimed is so small that it will be allowed. De minimis non curat lex.

Plaintiff relies upon the following stipulation in the lease as entitling him to the liquidated damages claimed:

"* * * and at the end of the lease or as soon as lessee vacate premises, lessee agrees to return without further notice peaceful possession of the said premises and appurtenances in like good order as received, by actual delivery of the keys to lessor, or to be responsible for any loss or damage for failure to do so.
"Should lessee fail to vacate at the end or termination of this lease, lessee agrees to pay $25.00 per day as liquidated damages for each and every day thereafter."

It is contended that this provision should be interpreted to mean that vacation of the premises can only be accomplished by a delivery of the keys, and, that the failure to deliver the keys renders the tenant liable to the landlord, in the sum of $25.00 for each day that the keys are undelivered.

Defendant's lease expired by limitation, September 30, 1925. Several days prior to

that day, defendant began to move its machinery and equipment, automobile parts and sundries (defendant was engaged in the automobile service and repair business) and it completed the vacation of the premises on the night of September 30, 1925, all of its property having been moved by that time.

A controversy arose as to the condition of the building as compared to its condition, at the time the lease was executed, and the defendant employed a carpenter to make repairs considered necessary by the landlord. In order that the carpenter might have access to the vacated building, a representative of the defendant corporation left the keys with the drayman, who had been moving defendant's machinery to its new place of business, with instructions to give them to the carpenter. Instead of giving the keys to the carpenter, the drayman lost them, making it necessary to have the look cut off the door and a new lock installed. Some of the keys were delivered to plaintiff's agent twelve days after defendant had moved from the property, or October 12, 1925, and the last key, October 23, 1925.

Plaintiff claims the right to compute the per diem penalty from October 1st, to October 23rd, the day on which the last key was delivered. There is no doubt of the capacity of parties to stipulate for liquidated damages, and when agreed upon, courts will not inquire whether the actual damage suffered equaled or approximated the agreed amount. R. C. C., Art. 1934; Thompson vs. Allison, 28 La. Ann. 733; Stewart-McGhee Construction Co. vs. Caddo Parish School Board, 165 La. 200, 115 So. 458; Sun Printing & Publishing Association vs. Moore, 183 U. S. 642.

But we do not believe the section of the lease relied upon by plaintiff will bear the construction put upon it. The first part which we have quoted only so far as pertinent, obligates the defendant to deliver the peaceful possession of the premises at the termination of the lease in the same good order as received "by actual delivery of the keys to lessor" and the result of his failure to do so, is that he shall be "responsible for any loss or damage for failure to do so." Consequently we approve the award of $15.00, as actual damages. The second sentence obligates the lessee "to vacate at the end of termination of this lease" or "to pay $25.00 per day as liquidated damages for each and every day thereafter."

The record indicates, and we find as a fact, that the plaintiff's building was vacated at the end of the lease, consequently this sentence imposes no liability upon defendant.

If it be admitted that these two clauses in the lease are not clear in their intendment, we should be obliged to adopt the construction most favorable to defendant. For the reason that the ambiguity appears in a printed form of lease prepared, or written by the agent of plaintiff and presented to the defendant for signature, as appears by the fact that the name of the plaintiff's agent is printed in the lease. Moreover the lease contains other clauses, providing "that where the property is vacated, abandoned, misused, etc., etc.," "the lessor may enter the premises for the purposes of showing same to prospective buyers or tenants, making repairs, etc.," and if denied the privilege of doing so "may enter the said premises for said purpose by any other means available."

We are of the opinion that the judgment appealed from should be reduced to $15.00, consequently, and for the reasons

assigned, it is therefore, ordered that the judgment appealed from be amended by reducing the amount awarded plaintiff from $590.00 to $15.00, and as thus amended, affirmed.