HAMITER, Justice.
 

 John Manale is appealing from a judgment which condemned him and the other defendant herein, Frank Lombardo, to vacate the premises known as 2500-08 Bell Street in the City of New Orleans and to deliver possession thereof to the plaintiffs, Nicholas and Joseph Lama, who are the-owners.
 

 By a written contract of date August 21, 1944, plaintiffs leased the property to the defendants for the fixed duration of two years, beginning September 1, 1944, and ending August 31, 1946. The instrument recited, however, that “Privilege is hereby given to lessees to renew this lease for three (3) more years under same terms and conditions.” It further provided: “The lessees agree to notify the lessors or their agent in writing on or before the first day of July, 1946, whether or not they wish to retain the premises for one or more years from the expiration of this lease.”
 

 Neither of the lessees notified in writing the lessors or their agent on or before July 1, 1946, of a desire to renew the lease, pursuant to the quoted provisions of the contract; and on August 10, 1946, they received written notice from the lessors to vacate the premises on August 31, 1946, the lease’s expiration date.
 

 The notice was not obeyed, and on October 1, 1946, the lessors instituted this summary proceeding to obtain possession. To the rule to show cause defendant John Manale pleaded prematurity, alleging that proper notice to vacate had not been given. He then answered, averring that he is en-, titled to retain possession of the premises for an additional three years because' (1)
 
 *507
 
 he was assured by plaintiffs of his right to renew without the giving of any written notice, and in the alternative (2) all of the parties agreed orally to a new lease for that period.
 

 On the hearing of the rule, the court denied the plea of prematurity and then rendered judgment, on' the merits of the case, in favor of plaintiffs. The instant appeal of defendant John Manale followed.
 

 Considering first the issue of prematurity, re-urged here by appellant, the written notice to vacate was received by the lessees on August 10, 1946, which was 21 days prior to the termination of the lease (August 31, 1946) and 52 days before the institution of this suit (October 1, 1946). Our statutory law, with reference to the giving of notice in proceedings for possession of leased premises, provides:
 

 “When any person having leased any house, store or other buildings, or landed estate, for a term of on'e or more years, or by the month or otherwise, either verbally or otherwise, shall be desirous of obtaining possession of the said leased premises upon the termination of the lease, either by limitation or by non-payment of the rent when due, or any other breach of the said lease, he shall demand and require in writing his tenant to remove from and leave the same, allowing him five calendar days from the day such notice is delivered.
 

 “And if the owner or his agent shall be desirous of obtaining the possession of the said leased premises for any other reason or cause, such as, for the purpose of leasing the said premises to another tenant or otherwise, he shall give to the tenant a notice in writing to vacate, ten days before the expiration of the month, if the-same be a monthly lease, or thirty days before the expiration of the said lease, if the said lease be in writing, and for a term of one or more years or otherwise, other than by the month.” * * * Revised Statutes, § 2155, as last amended and reenacted by Act No. 200 of 1936.
 

 Relying on the provisions of the quoted second paragraph of the statute, appellant insists that he was entitled to receive 30 days’ written notice before the-expiration' of the lease. Our opinion is, however, that the provisions of the quoted first paragraph are applicable here and that, as the trial court held, the written-notice given appellant before the institution of this ejectment proceedings was more than adequate. According to those provisions it is necessary to allow the tenant five days from the day the written' notice is delivered when the lessor is desirous-of obtaining possession of the premises upon the termination of the lease by limitation or by some breach thereof. In its-popular sense the word “limitation” means-the act or instance of limiting, the state or condition of being limited. Webster’s New International Dictionary, Second Edition. The written lease in question, by its-very terms, was limited to a period of two-
 
 *508
 
 years, beginning September 1, 1944, and ending August 31, 1946, and on' the ar-rival of the last mentioned date it ceased to exist—it expired, it terminated—by reason of the limitation. “The lease ceases of course, at the expiration of the time agreed ■on.” Civil Code, article 2727. And since ■plaintiffs notified the lessees on August 10, 1946, to vacate the premises, and this suit was not filed until October 1, 1946, there ■was a compliance with the law.
 

 The portion of the statute on which ¡appellant relies (the quoted second paragraph) obviously contemplates principally a lease which contains no definite and unqualified duration or limitation fixed by agreement of the parties an'd therefore is terminable at the will of the lessor or upon the occurrence of some specified contin.gency. Under such a lease the owner, to obtain possession of the premises, is required by the statute to “give to the tenant .a notice in writing to vacate, 10 days before the expiration of the month, if the same be a monthly lease, or 30 days before the expiration of the said lease, if the said lease be in writing, and for a term ■of one or more years or otherwise, other than by the month.” Supporting this construction are various provisions of the Civil Code found under Title IX “Of Lease.” For example, where a house, apartment, ■or other edifice is rented without a fixed duration the lease is considered to have been made by the month, Article 2685; and the party desiring to put an end to it must give notice in writing to the other at least 10 days before the expiration of the month which has begun to run, Article 2686. Other instances of uncertain tenure of possession by tenants, undoubtedly contemplated by the statutory provisions of the quoted second paragraph, are to be noted in Civil Code, articles 2687, 2688, 2689, 2734, 2736, 2739, and 2741.
 

 Unquestionably, the interpretation that we give herein to the discussed two paragraphs of the statute produces a just and equitable result. When the lessee has agreed that his lease is to be limited to a specific period and is to expire on a particular date, or if it should be terminated by some breach thereof on his part, a five days’ notice to vacate before the lessor’s commencement of ejectment proceedings is ample. Where, however, the lease has no fixed duration and the lessee is permitted to occupy the premises for an indeterminate period he should be allowed more time in which to vacate, for it is not until he receives the notice that he has knowledge of the lessor’s desire to obtain possession.
 

 On the merits of the case there are presented only the issues of fact, created by the special defense of appellant, of (1) whether appellees assured appellant of his right to renew the lease without his giving written notice of a desire to do so, and alternatively (2) whether the parties agreed orally on a new lease. With respect to these issues the evidence in the record,
 
 *509
 
 which we have carefully studied and considered, is irreconcilably conflicting, and no useful purpose would be served by an analysis of it here. It is sufficient to state that we are unable to conclude, following our consideration of such evidence, that the defendant discharged the burden of proving his mentioned special defense and that the trial judge manifestly erred in his findings and his decision in favor of appellees.
 

 The judgment is affirmed.
 

 BOND, J., recused.