LANIER, Judge.
This is a suit in contract to collect on a promissory note which provides for payment “ON OR BEFORE TEN (10) YEARS FROM DATE”, and is dated “January 1, 1981”. The maker of the note denied .liability contending the note was not due until January 1, 1991. After the holder of the note completed the presentation of his evidence at the judge trial, the maker moved for an involuntary dismissal (directed verdict) [1] which was granted. This devolutive appeal followed.
*581 FACTS
By instrument dated January 1, 1981, Response Instrument Service & Engineering Corporation (RISE) acknowledged an indebtedness to J. Marion Matherne with the following pertinent language:
January 1, 1981
For value received, I, we, or all of us, in solido promise to pay to the order of
J. MARION MATHERNE
the principal sum of ONE HUNDRED THOUSAND DOLLARS AND NO/lOO ($100,000.00) together with interest thereon from the date hereof at the rate of eleven (11%) per centum per annum, payable semi-annually, until maturity, such principal and interest thereon being payable in lawful money of the United States which shall be legal tender in payment of all debts and dues, public and private, at the time of payment, at the principal office of
CITY NATIONAL BANK
Baton Rouge, Louisiana
or at such other place either within or without the State as the owner may from time to time designate, on the dates and in the manner following:
ON OR BEFORE TEN (10) YEARS FROM DATE
This instrument is signed on behalf of RISE by J. Marion Matherne, as president, and Norman C. Heffron, as secretary-treasurer. Subsequently, Heffron became president of RISE and George E. Deprato became secretary-treasurer. Matherne made demand on RISE for payment of the note. RISE declined to do so and this suit followed.
PAROL EVIDENCE-TYPE OF NOTE
(Assignments of Error 1 and 2)
Matherne contends the trial court erred in not considering parol evidence to show the intent of the parties when the note was executed and holding that the note was not a demand note.
Over objection, Matherne was allowed to testify that the note was intended to be a demand note, not one payable at a definite time. However, Heffron, also over objection, testified the note was not intended to be a demand note.
In Carter’s Insurance Agency, Inc. v. Franklin, 428 So.2d 808, 813 (La.App. 1st Cir.1983), appears the following:
The courts are bound to give legal effect to all written contracts according to the true intent of the parties and this intent is to be determined by the words of the contract when these are clear, explicit and lead to no absurd consequences. La.C.C. art. 1945; Leenerts Farms, Inc. v. Rogers, supra, [421 So.2d 216] at 218; Campesi v. Margaret Plantation, 417 So.2d 1265 (La.App. 1st Cir.1982), writ denied, 422 So.2d 163 (La.1982). The meaning and intent of the parties to the written contract in such cases must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. La.C.C. art. 2276; Tauzin v. Claitor, 417 So.2d 1304 (La.App. 1st Cir.1982), writ denied, 422 So.2d 423 (La.1982). In such a case, a person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, or that it was not explained, or that he did not understand it. Lama v. Manale, 218 La. 511, 50 So.2d 15 (1950); Jackson v. Continental Casualty Company, 402 So.2d 175 (La.App. 1st Cir.1981), reversed on other grounds 412 So.2d 1364 (La.1982); Mitchell v. Bertolla, 397 So.2d 56 (La.App. 2nd Cir.1981), writ denied, 400 So.2d 669 (La.1981); Lazybug Shops, Inc. v. American District Telegraph Co., 374 So.2d 183 (La.App. 4th Cir.1979), writ denied, 376 So.2d 1271 (La.1979); LeNy v. Friedman, 372 So.2d 721 (La.App. 4th Cir.1979), writ *582 denied, 375 So.2d 943 (La.1979); South Central Bell Telephone Company v. McKay, 285 So.2d 563 (La.App. 1st Cir.1973). However, when the terms of a written contract are susceptible to more than one interpretation, or there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed, or fraud is alleged, parol evidence is admissible to clarify the ambiguity and to show the intention of the parties. Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981); Tauzin v. Claitor, supra.
Between the parties to an instrument, parol evidence is admissible to show mistake, illegality, want or failure of consideration or that the writing is only a part of an entire oral contract between the parties. Scafidi v. Johnson, 420 So.2d 1113 (La.1982).
As a matter of law, the note herein is not a demand note. A demand note is one payable at sight, on presentation or when no time for payment is stated. La. R.S. 10:3-108. An instrument is payable at a definite time when it is payable on or before a stated date. La.R.S. 10:3-109(l)(a). The language of the note herein is clear, unambiguous and shows it is not due and payable until January 1, 1991.
The law applicable to the appellate review of a judgment granting a directed verdict on the facts is set forth in Galloway v. Ioppolo, 464 So.2d 386, 390 (La.App. 1st Cir.1985) as follows:
In nonjury cases, the appropriate standard for the trial court’s determination of a motion for directed verdict is whether the plaintiff has presented sufficient evidence on his case-in-chief to establish a claim by a preponderance of the evidence.5 In making this determination, the trial court is not required to review the evidence in the light most favorable to the plaintiff (establish a prima facie case). A trial court ruling on a motion for directed verdict should not be reversed in the absence of manifest error (or it is clearly wrong).
5. The trial judge in a judge trial is given the authority to “determine the facts” on a motion for directed verdict. To “determine the facts” the judge must resolve credibility issues, make reasonable inferences and evaluate the overall weight of the evidence to determine the preponderance of the evidence.
The ruling of the trial judge indicates he accepted the testimony of Heffron and rejected that of Matherne. Our review of the record indicates this factual determination is not clearly wrong.
These assignments of error are without merit.
ERROR (MISTAKE) VOIDING AGREEMENT
(Assignment of Error 3)
Matherne contends his mistake in believing the instrument was a demand note vitiates his consent and voids the note. This argument presupposes the trial court accepted Matherne’s testimony as credible. As previously indicated, the ruling of the trial judge indicates he did not accept the testimony of Matherne. Without Math-erne’s testimony to furnish a factual foundation upon which this argument can stand, this argument must fall.
This assignment of error is without merit.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. Directed verdicts were originally provided for in La.C.C.P. art. 1810(B). By Acts 1983, No. *581 534, this law was moved to La.C.C.P. art. 1672 governing involuntary dismissals. The language of the law remains the same and, thus, the jurisprudence interpreting this language is still controlling.