KING, Judge.
The issues presented by this appeal are whether or not the trial court erred in finding that plaintiff did not prove fraud or wrongdoing in connection with several transfers of immovable property and whether or not the trial court erred in finding consideration had in fact been paid as recited in the acts of sale.
Joseph Euclid Hebert, Sr. (hereinafter plaintiff), individually, and as the sole heir to the estate of his sister, Alida Hebert, filed suit against his sons, George and Francis Hebert, and his grandson, Charles Hebert (hereinafter defendants), seeking to annul certain acts of sale of immovable property located in St. Martin Parish, Louisiana. After trial on the merits, the trial court rendered judgment in favor of the defendants and against plaintiff. Plaintiff timely perfected this devolutive appeal. We affirm.
FACTS
Plaintiff is an elderly illiterate black man who is presently totally blind as a result of a combination of glaucoma and a congenital eye disease known as retinitis pigmento-sa. Plaintiff’s sister, Alida Hebert, who died on August 7, 1982, was also illiterate and suffered severe eye impairment prior to her death. Between 1969 and 1971, plaintiff and his sister executed the following acts of sale which are the subject of this suit:
(1) On April 27, 1970, plaintiff sold to George and Francis Hebert four tracts of land for $13,400.00 and other valuable consideration;
(2) On June 16, 1969, Alida Hebert sold to Charles Hebert, her great nephew, a 2.02 acre tract of land for $200.00 and other valuable consideration;
(3) On December 14, 1970, Alida Hebert sold to Charles Hebert, her great nephew, a parcel of land, together with all buildings and improvements thereon, located on Main Street in St. Martinville, along with a 4.295 arpent tract of land, for cash in the amount of $2,800.00 and the assumption of a $2,500.00 mortgage dated February 5, 1970; and
(4) On July 22, 1971, Alida Hebert sold to Francis Hebert a tract of land containing 2.2 acres for $1,400.00.
Plaintiff, individually, and as the sole heir of his late sister’s estate, filed a petition on October 2, 1984 to annul all of the above described acts of sale. Plaintiff alleged in his petition that the transfers were invalid because he and his sister were totally blind when the documents were executed; that neither had any intention to sell the immovable property to defendants or any other party; that no consideration was ever received for any of the sales; and that their signatures were obtained under false pretenses.
The matter was tried on September 3, 1985 and April 10, 1986. The trial judge assigned written reasons for judgment on *1268 April 7, 1987, finding that plaintiff and Alida Hebert were not blind at the time the transfers occurred, that they were aware of and consented to the transfers, and that the consideration for the transfers was paid as stated. A written judgment was signed on April 28, 1987, dismissing plaintiff’s demands with prejudice and at his cost. Plaintiff appeals.
In his written reasons for judgment the trial judge summarized the evidence presented at trial and correctly set forth the applicable law on the issue of fraud, which reasons we adopt for our opinion, as follows:
“Fraud vitiates consent, a necessary element to perfect an obligation. Former Civil Code article 1948. Fraud is defined under the former codal articles as ‘a misrepresentation or a suppression of the truth with the intention either to obtain an unjust advantage for one party so to cause a loss or inconvenience to the other.’ former Civil Code article 1953.
A person who executes a written instrument is presumed to know its contents. Furthermore, its obligation cannot be avoided by contending one did not read the instrument, that it was not explained or not understood. Lama v. Manale, [218 La. 511], 50 So.2d 15 (1950); Jackson v. Continental Casualty Company, 402 So.2d 175 (La.App. 1st Cir.1981), reversed on other grounds 412 So. 2d 1364 (La.1982).
Parol evidence is inadmissible to go beyond what is contained in a written instrument, according to former Civil Code Article 2276, which was in effect when the parties executed the docments [sic]. The exceptions to this rule are in the case of fraud or ambiguity, to clarify the intent or expose the fraud. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982).
To invalidate the transfers, plaintiff must prove that he and Alida were fraudulently induced to execute the instruments. Plaintiff claims he and Alida were totally blind at the time the documents were signed, and as a result, they were fraudulently induced to execute the documents.
Evidence was adduced at trial from plaintiff’s sons to show that from around 1967 to the present, the parties were totally blind ... and that both could see well enough to get around_ Dr. Gerald Elias, who treated Alida from 1967-70 found her competent to handle her affairs at that time. He further testified as far as he knew, she could see.... An ophthalmologist, Dr. L. Douglas Smith, evaluated Euclid on April 12, 1985 and found him to be totally blind from glaucoma and retinitis pigmentosa. Dr. Smith’s testimony was that Euclid could have been blind for twenty-years but could not pinpoint an exact number of years he had been blind....
The Court, however, is heavily persuaded by the testimony of several neutral witnesses, Terry Lee Bonnie, Zudie Hammers, and James Hammers. All three testified unequivocally that Alida and Euclid could see from 1967-1971. Mr. Bonnie worked in a fruit stand from 1967-70_ He testified they would come in and read prices on labels and discuss how expensive the prices were_ Zudie Hammers was a secretary to her husband, attorney, James Hammers, at this time and was a witness to the transfers. She testified she had no doubt both Alida and Euclid could see. They walked into her office unassisted, spoke directly to her, and signed on the correct lines without assistance.... James Hammers, the notary on the transfers, corroborated Mrs. Hammers’ testimony....
James Hammers also testified that Ali-da and Euclid were aware of the transfers, understood the import of the documents and were aware and freely consented to executing the transfers. Additionally, he corroborated the testimony of George and Charles that the consideration for each transaction had in fact been paid....”
An appellate court may not disturb a trial court’s evaluations of credibility and factual determinations unless the record reveals that the trial court’s decision is manifestly in error or clearly wrong. Ar- *1269 ceneaux v. Domingue, 365 So.2d 1330 (La.1978). After reviewing the record, we find that plaintiff failed to meet his burden of proof to establish fraud or lack of consideration, and that the trial judge’s conclusions as to the validity of the acts of sale were not manifestly in error or clearly wrong.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.