Dear Mr. Burton:
I am in receipt of your request submitted to the Attorney General on behalf of the Beauregard Parish School Board pertaining to the scope of discipline of a student who damages private property. Specifically, you ask whether a student can be suspended indefinitely pending restitution to a victim where the damage is to private property in violation of the Beauregard Parish School Board Policy?
You cite paragraphs 2, 3 and 9 of the Beauregard Parish School Board Policy as paragraphs applicable to this situation. They read as follows:
 2. Damage or Destruction of School Property.
 A student shall not cause or attempt to cause damage to school property or steal or attempt to steal school property of any value whatsoever. A student found guilty of such offenses by a fair hearing may be subjected to a long-term suspension or even expulsion from school.
 3. Damage or Destruction of Private Property.
 The same rules, standards of review and sanctions shall apply to the destruction and/or theft of private property on the school grounds during a school activity, function or in the event, off the school campus as was enumerated in Paragraph 2.
 9. A pupil suspended for damages to any property belonging to the school system shall not be re-admitted until payment in full has been made for such damage or until directed by the Supervisor of Child Welfare and Attendance.
You also cite LSA-R.S. 17:416 (A) as authority that recognizes that restitution may be appropriate for re-admission to school in some cases. This provision is now located in the pocket-part in A(d) which reads as follows:
 A pupil suspended for damages to any property belonging to the school system or to property contracted to the school system shall not be readmitted until payment in full has been made for such damage or until directed by the superintendent of schools. If the property damaged is a school bus owned by, contracted to, or jointly owned by any parish or city school board, a pupil suspended for such damage shall not be permitted to enter or ride any school bus until payment in full has been made for such damage or until directed by the superintendent of schools.
This provision specifies that restitution is to be made by a student who has damaged property that belongs to the school system or to property contracted to the school system.
You also state that you find no statutory reference that permits or prohibits the requirement of restitution for damages to private property. You cite LSA-R.S. 17:416.1 (A) which allows:
 In addition to the specific disciplinary measures authorized in R.S. 17:416 teachers, principals, and administrators of the public schools may, subject to any rules as may be adopted by the parish or city school board, employ other reasonable disciplinary and corrective measures to maintain order in the schools; provided, however, that nothing in this Section shall be construed as superseding the provisions of R.S. 17:416 relative to the disciplining of students, suspensions, and expulsions.
I am in agreement that this provision allows the Beauregard Parish School Board to implement reasonable disciplinary and corrective measures such as requiring students who damage private property on school grounds during a school activity to make restitution provided that any additional rules shall not be construed as superseding the provisions of R.S. 17:416. After reviewing the Beauregard Parish School Board Policy in full, it appears that paragraph 3 of the policy which deals with damage or destruction of private property applies the same rules, standards of review and sanctions as enumerated in paragraph 2 which deals with damage or destruction of school property. However, it does not appear that paragraph 9 which deals with the conditions under which a student may be re-admitted once suspended for damaging property belonging to the school system applies to damage or destruction of private property.
In a telephone conversation, you asserted that the remedial provision in paragraph 9 can apply to the damage or destruction of private property. Paragraph 9 is the only paragraph in the policy that refers to restitution for the damage of school property. However, it makes no reference to restitution for the damage or destruction of private property.
Since a school board policy is a contract between the school board and the students who attend the school, the applicable civil code articles pertaining to contracts as well as the jurisprudence should be reviewed. Civil Code Article 2046
deals with the interpretation of a contract when the intent is clear. It provides:
 When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.
When a clause of a contract is clear and unambiguous, the letter of it should not be disregarded under the pretext of pursuing the spirit. Baber v. Hoffer, 430 So.2d 220. (4 Cir. 1983).
Under Louisiana law, where the words of a contract are clear and explicit and lead to no absurd consequences, the contract's meaning and intent of its parties must be determined from within the four corners of the document and cannot be explained or contradicted by extrinsic evidence. American Totalisator Co. Inc. v. Fair Grounds Corp., 3 F.3d 810 (5th Cir. 1993).
The rule of strict construction does not authorize perversion of language or the creation of ambiguity where none exists. Neither does it authorize courts to make new a contract where language employed clearly expresses intent of the contracting parties. J. M. Brown Const. Co. v. D M Mechanical Contractors, Inc., 222 So.2d 93 (1st Cir. 1969).
Therefore, it is the opinion of this office that LSA-R.S.17:416.1 (A) allows the Beauregard Parish School Board to implement reasonable disciplinary and corrective measures such as requiring students who damage private property on school grounds during a school activity to make restitution. However, it does not appear that the remedial provision of the Beauregard Parish School Board Policy which requires restitution for the damage or destruction of school property applies to damage or destruction of private property. For the remedial provision to apply to private property, an amendment to the Board's policy would be necessary.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 Richard P. Ieyoub Attorney General
 By: Beth Conrad Langston Assistant Attorney General