BARNETTE, Judge.
This is an appeal by defendant, J. Paul Smith and Company, Inc., from a default judgment rendered by the Civil District Court for the Parish of Orleans in favor of plaintiff, Chicago Metallic Corporation, in the amount of $2,973.20.
The record in this case discloses that on July 24, 1969 a petition was filed in Civil District Court for the Parish of Orleans alleging a balance of $2,973.20 due plaintiff by defendant on an alleged open account. Attached to plaintiff’s petition is an itemized statement showing the purchase dates, invoice number, and costs of the various items sued upon, including credits, along with a sworn affidavit by L. A. Jahn, vice president of Chicago Metallic Corporation, affirming the correctness of the amount cited in the petition as due.
Service was made upon defendant through one of its registered agents, J. Paul Smith, in the Parish of East Baton Rouge on July 28, 1969. No answer or other appearance having been filed, the plaintiff entered a default judgment timely, and in due course confirmed the default judgment in accordance with LSA-C.C.P. art. 1702 on August 29, 1969. The itemized statement of account with the affidavit attached to plaintiff’s petition was filed in evidence. No other proof was offered. Notice of judgment was served upon the same registered agent of the defendant corporation in Baton Rouge, September 2, 1969. A motion and order for devolutive appeal was filed and signed on October 6, 1969.
The defendant-appellant’s contention is twofold, namely, (1) that it is a domestic corporation domiciled in East Baton Rouge Parish, and the Parish of Orleans was not therefore the proper venue for institution of the suit; and (2) that the proof submitted, as reflected by the note of evidence, was not sufficient to establish a prima facie case. This latter contention is based on the argument that LSA-C.C.P. art. 1702 must be read in connection with LSA-C.C. art. 2277. Based on this premise, its contention is that the proof did not meet the requirements of article 2277 relative to “at least one credible witness, and other corroborating circumstances.”
We will first consider the question of sufficiency of proof raised by appellant’s second contention.
Article 2277 is in chapter 6 of the Civil Code on “Proof of Obligations” and in section 2 of .that chapter relative to “Testimonial Proof,” and is as follows:
“All agreements relative to movable property, and all contracts for the payment of money, where the value does not *920 exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.”
The proof required by this article is necessary to establish a prima facie case when an answer has been filed, the account put at issue and the case tried on its merits. It is clearly not applicable to cases involving a demand for a sum due on an open account when the judgment is sought upon confirmation of default. To hold otherwise would render meaningless the specific, provision of LSA-C.C.P. art. 1702, which, significantly, makes exception in the matter of proof, with respect to open accounts only.
Every purchase of goods on open account involves the obligation of payment and may embrace the elements of a contract, but this does not call for the application of LSA-C.C. art. 2277 (as to proof) to the exclusion of LSA-C.C.P. art. 1702. The record before us leaves no doubt that this is clearly a suit on open account.
The defendant-appellant has argued that the trial court was without “jurisdiction.” This was perhaps inadvertent, since the question is not one of jurisdiction but venue. It is quite apparent that this suit was brought in an improper venue, but objection was not timely made. Objection to venue may be raised by a declinatory exception, LSA-C.C.P. art. 925(4). De-clinatory exceptions must be pleaded prior to judgment by default. LSA-C.C.P. art. 928. Unless timely pleaded the objection to. venue (except in certain cases not applicable here) is waived. LSA-C.C.P. art. 44. Appellant’s objection to venue on appeal is without merit.
We observe that the transcript of appeal contains a petition for nullity of judgment. This was met with an exception of no cause and no right of action based on waiver. The record does not indicate any action on this exception. A supplemental and amended petition for nullity of judgment was filed after appeal, based on certain allegations of misrepresentation. These pleadings which appear to be pending in the trial court do not properly form any part of the record before us on this appeal and we have given no consideration to them.
The judgment appealed is affirmed at defendant-appellant’s cost.
Affirmed.