STOKER, Judge.
The defendant, Larry D. Crowe, d/b/a Eagle Lake Farms, has appealed a default judgment rendered against him for the balance due on a promissory note, plus attorney’s fees. Defendant asserts on appeal that the judgment was obtained in a court of improper venue and the award of attorney’s fees of 25% of the principal amount due was excessive and not supported by any evidence.
FACTS
On June 4, 1987 the plaintiff, John Deere Company, filed suit against the defendant for the principal sum of $34,002.08, plus reasonable attorney’s fees, and to have its security interest in certain John Deere equipment recognized. The petition alleges that defendant is a domiciliary of West Carroll Parish and requested service upon defendant at a location in West Carroll Parish. West Carroll Parish is located in the Fifth Judicial District. For some reason, not apparent from the face of the record, the suit was captioned “5th Judicial District Court, Parish of Jefferson Davis, State of Louisiana.” Jefferson Davis Parish is in the Thirty-first Judicial District. *563 The suit was filed with the Clerk of Court for Jefferson Davis Parish and personal service and citation made upon the defendant at his domicile in West Carroll Parish on June 16, 1987. (There is no sheriffs return in the record, however defendant admits in brief that service was accomplished.)
Defendant failed to answer plaintiffs petition and a default judgment was rendered in plaintiffs favor on July 17, 1987. The judgment awarded plaintiff the sum of $34,002.08, plus 25% attorney’s fees, with interest on both sums from date of judicial demand until paid. The judgment additionally recognized plaintiff’s chattel mortgage on certain John Deere equipment. The defendant thereafter filed this devolutive appeal.
IMPROPER VENUE
The defendant argues that the proceedings filed by plaintiff fail to conform to the requirements of the Code of Civil Procedure concerning form of pleadings and default judgments. Defendant, in essence, maintains that the clerical errors amount to errors of such a technical nature that the default judgment could not have been obtained in strict compliance with the provisions governing default judgments.
The only error that can be detected from the record is that the suit was filed in a court of improper venue as to the defendant. However, defendant made no objection to the improper venue until this appeal. This objection is not timely. LSA-C. C.P. articles 44, 925(4), 928; Chicago Metallic Corp. v. J. Paul Smith & Co., 240 So.2d 918 (La.App. 4th Cir.1970), writ denied, 257 La. 458, 242 So.2d 578 (1971). We find defendant’s argument to be without merit.
ATTORNEY’S FEES
Defendant asserts that it was error to award 25% of the principal amount due as attorney’s fees when the promissory note and retail installment contract provide for only “reasonable” attorney’s fees and there is no evidence in the record to support the award. Nothing in the record indicates upon what basis the trial court chose to award 25% as attorney’s fees. Defendant is correct in his assertion that the note and mortgage sued upon do not specify a particular amount in attorney’s fees, only that the debtor will be bound for “reasonable” attorney’s fees. Plaintiff does not disagree with defendant that attorney’s fees are subject to scrutiny by the courts to determine their reasonableness. See Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982).
Our review of the record leads us to conclude that defendant’s argument concerning the reasonableness of the attorney’s fees awarded has merit. In concluding this we do not pass on the merits of the reasonableness of the award, but simply find that the record lacks evidence of any contractual basis for the award or other supporting evidence for the award which we can review. Therefore, we reverse the award of attorney’s fees and remand the case to the trial court to adduce evidence of the reasonableness of the fee sought or to make an appropriate award in the court’s discretion.
For the reasons stated herein, the judgment of the trial court, insofar as it awards attorney’s fees of 25% of the principal sum due, is reversed and the case remanded for further consideration of the award and in all other respects the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.