421 So.2d 216 (1982)
LEENERTS FARMS, INC.
v.
Kenneth R. ROGERS, et al.
No. 82-C-0770.
Supreme Court of Louisiana.
October 18, 1982.
*217 Ernest L. Parker, Bean & Parker, Lafayette, for applicant-plaintiff.
John F. Fant, Adams, Fant & Wyche, Shreveport, for respondents-defendants.
MARCUS, Justice.
This is a suit brought by a mortgage debtor, Leenerts Farms, Inc. (Leenerts) to recover $72,755.26 in attorney fees paid under protest to the sheriff along with principal and interest to avoid the sale of property affected by a mortgage pursuant to a writ of seizure and sale. Alternatively, plaintiff sought to have the attorney fees fixed for legal services rendered by the mortgage creditors' attorney in collecting the debt. In addition, plaintiff sought damages for the creditors' refusal to accept a "payout amount" prior to the date fixed for the sheriff's sale. Made defendants were the mortgage creditors, Kenneth R. Rogers, Crystal Winney Rogers, Joe Bob Rogers and Mary Baker Rogers (Rogers) and the sheriff. The creditors filed an exception of no cause of action. The trial judge sustained the exception and dismissed plaintiff's suit. The court of appeal affirmed.[1] We granted certiorari[2] because of a conflict in the circuit courts of appeal over the issue of whether the courts may inquire into the reasonableness of attorney fees which have been fixed in a note by the parties as a percentage of the amount due upon default of the debtor.[3]
At the outset, we note that the function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition and all well-pleaded allegations of the petition are accepted as true. An exception of no cause of action is sustained only where the law affords no remedy to plaintiff under the allegations of his petition. If a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); Jackson v. East Baton Rouge Parish School Board, 393 So.2d 243 (La.App. 1st Cir.1980).
On May 25, 1978, Leenerts purchased several tracts of farmland from Rogers. As a portion of the consideration, Leenerts gave the vendors (Rogers) a promissory note in the amount of $550,000 secured by a mortgage on the property.[4] Leenerts also agreed in the note "to pay all attorney's fees incurred in the collection of this note, or any portion hereof, including interest, which fees are hereby fixed at twenty percent of the amount to be collected."
*218 Leenerts became delinquent in the payments on the note and Rogers instituted, through their attorney, an executory process proceeding to enforce their mortgage on the property. A writ of seizure and sale was issued by the court commanding the sheriff to seize and sell the property affected by the mortgage, as prayed for and according to law. Prior to the sale of the property, Leenerts contacted Rogers and requested a payout figure on the debt. Leenerts was informed that Rogers would accept no less than the full amount as prayed for in the executory proceeding. This amount included principal, interest, attorney fees of twenty percent of all outstanding principal and interest (as stipulated in the note) and all costs. Leenerts was further informed that Rogers would not accept any money and Leenerts would have to pay the sheriff to avoid the sale of the property. On the morning of the sale, Leenerts paid the entire amount requested by Rogers to the sheriff, that is, $440,031.57, which included $72,755.26 in attorney fees. In making this payment, Leenerts, by written letter through its attorney, stated that it was making payment of attorney fees under protest and reserved all rights to file a proper proceeding to recover such amount as a court might determine as excessive considering the legal work performed by Rogers' attorney. Leenerts further reserved its right to seek damages resulting from Rogers' refusal to accept payment in this matter.
The sole issue presented for our determination is whether the courts may inquire into the reasonableness of attorney fees which have been fixed in a note by the parties as a percentage of the amount due upon default of the debtor. If so, plaintiff's petition states a cause of action; otherwise, it does not.[5]
Any analysis of this issue must start with the premise that legal agreements have the effect of law upon the parties and that the courts are bound to give legal effect to all such contracts according to the true intent of the parties. Further, that this intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences. La.Civ.Code art. 1945. Courts are not created to relieve men of their bad bargains made. Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970). Although parties are permitted to contract with respect to attorney fees, Maloney, supra, attorney fees are subject to review and control by the courts. Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979); Husk v. Blancand, 155 La. 816, 99 So. 610 (1924).
As previously indicated, the note in question provides:
[T]hey [Leenerts] further agree to pay all attorney's fees incurred in the collection of this note, or any portion hereof, including interest, which fees are hereby fixed at twenty percent of the amount to be collected.
The court of appeal interpreted this provision of the note in accordance with this court's decision in W.K. Henderson Iron Works & Supply Co. v. Meriwether Supply Co., 178 La. 516, 152 So. 69 (1934). That case involved a note which provided for attorney fees fixed at ten percent of the amount due in the event the debtor defaulted on the note and it became necessary to engage the services of an attorney to collect the note. In Henderson, this court held:
A stipulation for attorney's fees in case an obligation should not be paid at maturity, and the services of an attorney are necessary for the collection thereof, is a stipulation for liquidated damages and becomes due in full when the obligation is not paid at maturity and the services of an attorney becomes necessary to enforce the same, regardless of the extent or value of said services. (Emphasis added.)
*219 Generally, where parties agree to liquidated damages, the "courts will not inquire whether the actual damage suffered equaled or approximated the agreed upon amount." Maloney, supra. While article 1935 of the Civil Code provides that damages due for the delay in the payment of money are called interest, and the creditor is entitled to recover no more, it has been held that a stipulation in a note for the payment of attorney fees upon the default of the debtor is not a stipulation for the payment of damages as contemplated by said article. Foundation Finance Co. v. Robbins, 179 La. 259, 153 So. 833 (1934); Race & Foster v. Bruen, 11 La.Ann. 34 (1856). Therefore, such a provision certainly cannot be a stipulation for the payment of liquidated damages. Hence, the question remains as to whether the courts may inquire into the reasonableness of attorney fees despite a stipulation in the note fixing the fees at a percentage of the amount to be collected upon the default of the debtor. We think so.
This court has a duty to assert the authority conferred on it by our state constitution to regulate the practice of law. This court's prevailing judicial authority resulted in the adoption and promulgation of the Articles of Incorporation of the Louisiana State Bar Association, which Articles came to incorporate the Code of Professional Responsibility. The Code of Professional Responsibility which regulates attorneys' practices has been recognized as having the force and effect of substantive law. Saucier v. Hayes Dairy Products, Inc., supra.
The Code of Professional Responsibility, DR 2-106, Fees for Legal Services, provides in pertinent part:
(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.
(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
Individuals cannot by their conventions, derogate from the force of laws made for the preservation of public good or good morals. La.Civ.Code art. 11. We view the Code of Professional Responsibility as being the most exacting of laws established for the public good. Hence, the prohibition against a lawyer collecting a "clearly excessive fee" cannot be abrogated by a provision in a note fixing the amount of attorney fees as a percentage of the amount to be collected. Therefore, despite such a provision, courts may inquire into the reasonableness of the fee.[6]W.K. Henderson Iron Works & Supply Co. v. Meriwether Supply Co., supra, holding to the contrary, is expressly overruled. Thus, plaintiff's petition states a cause of action. The courts below erred in holding otherwise. We must reverse.

DECREE
For the reasons assigned, the judgment of the court of appeal affirming the judgment of the district court sustaining the *220 exception of no cause of action and dismissing plaintiff's suit is reversed. The exception of no cause of action filed by defendants, Kenneth R. Rogers, Crystal Winney Rogers, Joe Bob Rogers and Mary Baker Rogers, is overruled and the case is remanded to the district court for further proceedings in accordance with law.
NOTES
[1] 411 So.2d 576 (La.App. 1st Cir. 1982).
[2] 413 So.2d 506 (La.1982).
[3] See People's National Bank of New Iberia v. Smith, 360 So.2d 560 (La.App. 4th Cir.1978), which is in direct conflict on essentially the same facts as Fidelity National Bank of Baton Rouge v. Pitchford, 374 So.2d 149 (La.App. 1st Cir. 1979), relied on by the court of appeal in deciding the instant case. The court of appeal also relied on a decision of this court in W.K. Henderson Iron Works & Supply Co. v. Meriwether Supply Co., 178 La. 516, 152 So. 69 (1934), which supports the Pitchford decision.
[4] A copy of the instrument transferring title is not in the record; however, the note evidencing the debt is in the record. Said note is paraphed for identification with an "Act of Cash Sale with Assumption of Mortgages and Mortgage with Vendor's Lien and Privilege Retained" passed on May 25, 1978.
[5] Whether Leenerts' claim for damages for Rogers' refusal to accept payment prior to the sheriff's sale states a cause of action independently of this issue is not before us. It was not assigned as an error by Leenerts in its application for writs to this court nor was it briefed or argued. In any event, in view of our disposition of the case, it is of no moment.
[6] See Dole v. Wade, 510 S.W.2d 909 (Tenn. 1974), for a similar holding.