434 So.2d 85 (1982)
NATIONAL ROOFING AND SIDING COMPANY, INC.
v.
Vincent GIAISE.
No. 5-299.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 1982.
Writ Denied February 4, 1983.
*86 Schafer & Schafer, Andree F. Pitard, New Orleans, for plaintiff-appellant.
Peggy O'Dowd, New Orleans, for defendant-appellee.
Before BOUTALL, GAUDIN and GRISBAUM, JJ.
GRISBAUM, Judge.
Appellant, National Roofing and Siding Co., Inc., filed suit against appellee, Vincent Giaise, for payment of a contract for the installation of a roof and gutters on Mr. Giaise's residence. National Roofing appealed the trial court's denial of attorney's fees and interest from the due date. We affirm.
On June 12, 1976, Mr. Giaise signed a contract with National Roofing to place a roof, aluminum gutters, facia and soffit on his home. The contract price was $7400, cash on completion. National Roofing was unable to supply the shingle specified in the contract and, therefore, substituted a shingle of like value. Several strips of galvanized drip guards were installed when Mr. Giaise pointed out that aluminum ones had been agreed on. The bottom row of shingles were pulled up to remove the improper drip guards and replace them with aluminum ones. After installation of the roof, Mr. Giaise complained of numerous defects. Water leaked under the overhang, or soffit, and inside the house. An expert testifying on behalf of National Roofing agreed that certain defects did exist. Mr. Charbonnet testified the guard under the edge of the roof was improperly installed as it appeared to have been bent thus loosing its proper shape. He stated the shingles, having been rolled up to replace the drip guards, attained a ski-slope design so water ran off improperly. There was a joint in the gutter over the front door of Mr. Giaise's home so that water leaked on one walking into the house.
Appellant attempted to correct some of the initial problems pointed out by Mr. Giaise. However, when these corrections seemed only to create further problems, Mr. Giaise refused to allow National Roofing a further opportunity to correct the deficiencies and defects and refused to pay the contract price.
National Roofing and Siding Co. filed suit against Mr. Giaise on January 3, 1977 for $7400, 25% attorney's fees, and legal interest and costs all according to the contract. The case was tried on November 30, 1978 and judgment rendered on August 18, 1981. In his written reasons for judgment, the trial judge found that the contract was substantially complied with. He stated, however, that Mr. Giaise was entitled to a reduction of the contract price by an amount sufficient to correct the deficiencies and defects. He accepted an estimate that $1500 would be required to cover the costs of repairs and awarded an additional amount to repair water markings and spots in the inside of the home. Thus, he ordered payment of $5400 on a $7400 contract. The court also stated that because there was a genuine dispute and substantial deficiencies and defects did exist, he would not allow National Roofing to recover attorney's fees *87 under the contract. Also, he awarded interest from the date of judgment rather than from the date due or the date of judicial demand.
The issue is, having found substantial compliance, was the trial judge compelled to award interest under the contract and attorney's fees. The provision of the contract in dispute is:
"Failure to make any payment promptly when due shall mature the balance and all installments shall immediately become due and payable. Should it become necessary to place this contract in the hands of an attorney for collection, the owner agrees to pay 25% of the principle and interest as Attorney's fees, plus court costs, minimum being set at $25.00."
Appellant claims attorney's fees are due as they did place the contract in the hands of an attorney for collection. However, the appellee, Mr. Giaise, had a valid reason for not having paid it. He did not feel the work was completed according to the contract. The trial of the case showed that the failure of Mr. Giaise to pay the contract price was due to a genuine dispute over whether National Roofing had complied with the provisions of the contract. It would be inequitable for Mr. Giaise to pay 25% attorney's fees to prove the substantial deficiencies and defects of National Roofing's work. Louisiana courts will not interpret words of a contract literally when it leads to unreasonable consequences or inequitable results even when the words used in the contract are fairly explicit. Makofsky v. Cunningham, 576 F.2d 1223 (5th Cir. 1978); La.C.C. art. 1945, 1950. Therefore, Mr. Giaise need not pay attorney's fees under the contract when the reason for the suit was to settle a genuine dispute, not merely for collection.
National Roofing claims interest should have been awarded from the due date. The contract states the amount was due on completion. However, the finding of substantial compliance means that the work was substantially but not entirely performed. Therefore, claiming interest from due date, completion, does not state a date from which to grant the interest in this case.
Appellant claims that interest should be awarded from the date of judicial demand if not from the due date. La.C.C.P. art. 1921 provides:
"The court shall award interest in the judgment as prayed for or as provided by law."
The petition of appellant prays for legal interest and costs. It does not specify the time from which the interest should be granted. Therefore, it was not error to award interest only from the date of judgment.
For the reasons assigned, we affirm the holding of the trial court denying attorney's fees and interest from due date or judicial demand.
AFFIRMED.
BOUTALL, J., concurs.
BOUTALL, Judge, concurring.
I concur in the result.
Under the facts of this case with problems of substituted materials and deficiencies, there could be no determination of the amount due until trial. Civil Code art. 1938 permits the trial judge to thus attach the interest at time of judgment.
The matter of award of attorney's fees was considered by Louisiana's Supreme Court in the case of Leenerts Farms, Inc. v. Rogers, et al., 421 So.2d 216 (La. 1982). It was held that courts may inquire into the reasonableness of attorney fees despite a stipulation fixing the fees at a percentage of the amount to be collected upon the default of the debtor. There is no proof in this record as to reasonableness of attorney's fees. The trial judge stated he would not allow plaintiff attorney fees under the contract. We cannot say he is wrong.