SAVOIE, J.,
dissenting:
I respectfully dissent.
First Guaranty Bank of Hammond appeals from an exception of prematurity dismissing its claim for payment on a promissory note. The basis for the exception of prematurity is the Bank’s failure to obtain judgment against defendant Bowdle and exhaust all enforcement remedies thereunder before pursuing defendant Alford.
On appeal, the Bank objects to the trial court’s admission of parol evidence to prove an oral contract of suretyship and the finding that such a relationship existed between the parties. Further, it contends the trial court erred in determining that the Bank had not sufficiently pursued the co-maker of the instrument.
I conclude the granting of the exception of prematurity was error. Dr. Alford’s status on the note is that of an accommodation *648 maker. As such, and by the terms of the contract, the Bank has no obligation to pursue defendant Bowdle first.
First Guaranty Bank is the holder and payee of a promissory note dated July 12, 1973, signed by Paul Bowdle and Dr. C.D. Alford. The note is in the sum of $100,000 and payable on demand. It provides, among other things, that the parties waive presentment for payment and all pleas of division and discussion. It stipulates that the parties bind themselves in solido, unconditionally and as original promisors for the payment of the note. Further, it states that the parties agree that the note sets forth their entire agreement and that they consent to all terms and conditions. In addition, it provides that no modifications will be binding unless endorsed in writing thereon and signed by the parties.
L.S.A.-R.S. 10:3-415 provides in pertinent part:
“(1) An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it.
“(2) When the instrument has been taken for value before it is due the accommodation party is liable in the capacity in which he has signed even though the taker knows of the accommodation.
“(3) As against a holder in due course and without notice of the accommodation oral proof of the accommodation is not admissible to give the accommodation party the benefit of discharges dependent on his character as such. In other cases the accommodation character may be shown by oral proof.”
Appellant contends the trial court erred in admitting parol evidence to establish the existence of a suretyship contract. Under Subsection 3 of the above cited statute, the only person who can forestall the defendant’s use of parol evidence[1] to prove his accommodation status is a holder in due course who takes without notice of the accommodation. In the instant case, the Bank knew of the accommodation character of Alford’s signature. This is evidenced by the Bank’s letter to Dr. Alford stating the Bank’s position with respect to the note in question,[2] as well as by Dr. Alford’s testimony. c.
Dr. Alford testified that he signed the note so that Bowdle could borrow the money. He stated he was vouching for Bowdle. In addition, he understood that if Bowdle failed to pay, he (Alford) would be responsible.
It is evident that Alford was “lending his name” to Bowdle and, thus, signed as an accommodation party. (L.S.A.-R.S. 10:3-415(1)). The Official Comment under the UCC,[3] Section 3-415 points out that an accommodation party is always a surety. As such, the accommodation party has the rights and defenses available to a surety under suretyship law, as well as the rights and liabilities of a party to the instrument. However, he differs from other sureties in that his liability is on the instrument and he is a surety for another party to it.
*649 Subsection (2) of the statute provides that when an instrument is taken for value before it is due, as in the instant case, the accommodation party is liable in the capacity in which he signs. This is true, even though the taker knows of the accommodation. Therefore, the fact that the Bank knew Dr. Alford was signing as an accommodation party does not change Dr. Alford’s liability to the Bank.
Dr. Alford signed as a maker. He promised to pay the instrument according to its tenor at the time he signed it. (L.S.A.-R.S. 10:3-413(1)). As an accommodation maker, he has all the liabilities of any other maker. Thus, he is bound on the instrument without any resort to his principal.
Nevertheless, as an accommodation party, Dr. Alford has the rights of a surety.[4] One of these rights, the plea of discussion, obligates the creditor to exhaust the property of the principal debtor towards the satisfaction of the debt before having recourse to the surety. (C.C. 3046). This essentially is the basis for the exception of prematurity. However, all pleas of discussion were waived by Dr. Alford under the provisions of the note.
In contrast thereto, Dr. Alford argues there was an oral modification of the written agreement. Proof of this alleged modification was presented by Dr. Alford’s testimony at trial on the exception. However, a careful reading of the testimony does not support his contention. Dr. Alford testified as to what he thought the instrument meant and what he thought the Bank meant; but at no time prior to, at the signing of the note, or thereafter, did Dr. Alford take any steps to determine his true obligations under the note or the true intentions of the Bank. There is language in the recent case of Leenerts Farms, Inc. v. Rogers, et al., 421 So.2d 216 at 218 (La.1982), which is most appropriate to this argument.
“Any analysis of this issue must start with the premise that legal agreements have the effect of law upon the parties and that the courts are bound to give legal effect to all such contracts according to the true intent of the parties. Further, that this intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences. La.Civ.Code art. 1945. Courts are not created to relieve men of their bad bargains made.” (Emphasis added).
The trial court erred in granting the exception of prematurity.

. Louisiana’s Commercial Laws (LSA-R.S. 10:1-101 et seq.) are based on the articles of the Uniform Commercial Code. While the Official Comment to the articles of the UCC are not a part of the enactment of Louisiana’s Commercial Laws, they, as the Louisiana “Comments”, constitute a reliable aid in construing statutory language.

. The majority opinion quotes from this letter as follows:
“The position that we have taken is that full recourse would be taken against Paul Bowdle without any legal action being taken against you until this was done.”
The majority is of the opinion that this phraseology supports Dr. Alford’s allegation that there was an oral modification of the written instrument. I view the letter in a different light.
The full context of the letter shows that the Bank was demanding payment of interest from Dr. Alford. Dr. Alford made these interest payments to the Bank. In so doing, his own actions belie his allegations.

.L.S.A.-R.S. 10:3-415(3) permits proof of the accommodation status of a party by oral evidence. Presumably written proof extrinsic to the instrument also can be introduced. It is noted that the Official Comment under UCC, Section 3-415 refers only to “parol evidence.”

. UCC — Official Comment, Section 3-415 provides:
“1. Subsection (1) recognizes that an accommodation party is always a surety ...”