DUFRESNE, Judge.
This is an appeal by Matt Eskan, defendant-appellant from that portion of a default judgment awarding 25% attorney fees in a suit to collect on a note to Alliance Federal Savings and Loan Association, plaintiff-appellee.
The record before us contains no transcript of any of the proceedings in the trial court since all proceedings were either ex parte or by default. Because we are unable to determine whether or not the trial court made an inquiry into the reasonableness of the attorney fees, we remand the case for further proceedings.
The facts are as follows:
Matt Eskan and his wife, Deborah Ben-tert, executed a promissory note secured by a mortgage in favor of Alliance on January 29, 1982. The note provided that if it became necessary for Alliance to sue for collection, attorney fees of 25% of the outstanding balance would be owing. When the borrowers failed to make a number of payments, Alliance filed a petition for exec-utory process, and had the property seized and sold. However, the sale netted only. $69,000 of the $89,000 indebtedness. Alliance then obtained a deficiency judgment by default in the amount of $89,000 plus 25% attorney fees, or some $23,000, less a $69,000 credit from the proceeds of the sale of the property. Eskan now suspensively appeals and has posted a $70,000 cash bond.
Eskan’s basic argument here is that Alliance failed to present evidence to the trial judge which would have substantiated that this attorney’s fee of $23,000 was reason *769 able and that the court awarded it solely on the basis of the note provision. We agree.
In Leenert’s Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982) our Supreme Court stated that courts have a duty to enforce the Code of Professional Responsibility as substantive law.
The Code of Professional Responsibility, DR 2-106, Fees for Legal Services, provides in pertinent part:
(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.
(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
In the present case, the trial court apparently made no inquiry into the reasonableness of the fee. Moreover, on the scant record before us, the fee appears excessive in view of the routine nature of the proceedings. However, because the record contains insufficient evidence to show what a proper fee might be or indeed whether the fee awarded is reasonable, this court cannot fix the fee. We therefore remand the case so that Alliance may present evidence of what a reasonable fee would be.
Alliance urges to the contrary that because it cannot establish the fee until the debt is actually collected, that this appeal is premature. While we appreciate the thrust of this argument, we nonetheless reject it.
This court is empowered to review all final judgments, La.Code Civ.Pro. Art. 2083. In the present case, the award of attorney fees is indisputably a part of a final judgment, and is therefore appealable. While we recognize that additional legal proceedings, and consequent fees, are often necessary after rendition of a judgment, we perceive no problem in seeking and being awarded these additional fees by whatever court has jurisdiction in these subsequent matters.
Alliance’s final contention is apparently that because Deborah Bentert, appellant’s wife, has not appealed, she is not before this court. In this regard, we need only cite La.Code Civ.Pro. Art. 735, which states that either husband or wife is the proper party defendant in a suit to enforce a community obligation. It is clear, therefore, that because a judgment obtained against the community is binding on the community, that either husband or wife may appeal from such a judgment in the interest of the community.
Alliance is entitled to reasonable attorney’s fees. Although appellate courts can so set fees when the record reflects a basis; the trial court is in the best position to make a determination what is a reasonable fee based upon the factors contained in DR 2-106 of the Code of Professional Responsibility.
Accordingly, it is ordered that this matter is remanded to the District Court for a hearing to determine the amount of attorney’s fees to be awarded plaintiff.
REMANDED.