BYRNES, Judge.
This is an appeal from the granting of a default judgment. The facts of the case are as follows:
In May 1982, appellee, W. & W. Clarklift Inc., leased certain equipment to Dixie Motor Freight Inc. To assure Clarklift of Dixie’s performance under the proposed lease, appellants, Michelle and Grady Hornsby and 2 other couples executed personal guarantees.
When Dixie defaulted on. the contract, Clarklift sued Dixie and the guarantors. When the Hornsbys failed to answer, a default judgment was entered against them, for $8,923.29, the full amount due under the lease, plus legal interest from judicial demand, court costs and attorney’s fees. It is from this judgment that the Hornsbys appeal.
Appellants first argue that the evidence presented at the confirmation hearing did not establish a prima facie case as required by C.C.P. Art. 1702(A). They contend that the only evidence offered by Clarklift in support of its claim was an affidavit by its credit manager Greg Stacy. This simply is not true.
The record reveals that in addition to this affidavit the following documents were submitted as evidence of the debt: the lease between Clarklift and Dixie, the dray receipt showing that Dixie received the leased equipment, a demand letter putting Dixie in default, the personal guaranty executed by the Hornsbys, and return receipts showing that they received notice of Clarklift’s demand. Mr. Stacy also appeared in court and testified that he had personal knowledge of Dixie’s account and that the lease and personal guarantees were part of the books & records of Clark-lift. He also testified that the signatures on the guaranty in question were the Hornsbys. There is no doubt that this evidence established a prima facie case entitling Clarklift to judgment.
Appellants also complain that the award of attorney’s fees granted in the judgment was excessive. We cannot determine the merits of this contention of the basis of the record now before us.
The lease between Clarklift and Dixie provided for “... a reasonable sum for attorney’s fees ...” in the event of default. The judgment of the trial court awarded Clarklift:
the full & true sum of EIGHT THOUSAND NINE HUNDRED TWENTY-THREE AND 29/100 ($8,923.29) DOLLARS, with legal interest thereon from date of judicial demand until paid, plus 25% of said principal sums as attorney’s fees and for all costs of these proceedings. (emphasis added)
In fixing attorney’s fees, the trial judge apparently chose to follow Clarklift’s original petition which alleged that 25% of the balance due under the lease would be a reasonable fee.
There is no evidence in the record indicating how or why 25% of the principal sum was found to be a reasonable fee in this case. Counsel for Clarklift did not present any evidence indicating the time or effort required to bring the case to trial. The trial judge made no inquiry concerning the factual basis for Clarklift’s allegations that a 25% fee was reasonable.
*899 Because the record does not contain sufficient facts to justify the trial court fixing attorney’s fees as a percentage of the judgment we remand this case to the District Court for the taking of such additional evidence as may be necessary to determine a reasonable fee. This determination should be based on the guidelines set forth in DR 2-106 of the Code of Professional Responsibility. See: Saucier v. Hayes Dairy Products, 373 So.2d 102 (La.1979); Leenerts Farms v. Rogers, 421 So.2d 216 (La.1982).
The judgment of the trial court is affirmed in all respects except the award of attorney’s fees, which is set aside. The case is remanded to the District Court for a hearing which will fix that fee in accordance with this opinion.
Affirmed In Part Reversed In Part & Remanded In Part.