LABORDE, Judge.
This is a suit to collect attorney fees. The law partnership of Perrin, Landry, de-Launay & Durand (appellee) sued its former client, Charlotte Suire Davis (appellant) to collect fees for the firm’s attempt to collect the principal and interest owing on a promissory note held by Ms. Davis and for other legal services rendered to Ms. Davis. The district court awarded fees to the law firm in the amount of $16,700.00. Ms. Davis appeals, alleging that the district court erred by awarding the law firm an excessive fee. We affirm.
The district judge, in his “Reasons for Ruling,” succinctly summarized the relevant facts of the case. He also articulated the appropriate standard to determine the reasonableness of legal fees. See Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La. 1982). Applying the facts to the. appropriate standard, the judge concluded that $16,-700.00 was a reasonable fee under the circumstances of this case.
The district court’s “Reasons for Ruling” are well written and amply supported by the record. We find no error in the trial court judgment.[1] We affirm.
*977 For the above and foregoing reasons, the judgment of the district court is affirmed. Costs of these proceedings at trial and on appeal are taxed to the appellant, Charlotte Suire Davis.
AFFIRMED.
APPENDIX I
15TH JUDICIAL DISTRICT COURT
VERMILION PARISH, LOUISIANA
REASONS FOR RULING
This is an action by plaintiffs’ legal firm in which they seek to recover from defendant, their former client, attorney fees. Plaintiffs contend that these attorney fees have accrued and are due as a result of three different presentations, with respect to defendant, their former client, to wit:
(1) services rendered in connection with the successful attempt to collect under a note due defendant by her former husband, Edson L. Davis;
(2) Representation with respect to a contested matter of child custody and child support;
(3) A defense of an open account claim, asserted against defendant.
The standard by which the issue of attorney fees must be considered has been set forth by the Louisiana Supreme Court in Leenerts Farms, Inc. v. Kenneth R. Rogers, et al., 421 So.2d 216 (La.1982).
“The code of professional responsibility which regulates attorney’s practices has been recognized as having the force and effect of substantive law. Saucier v. Hayes Dairy Products, Inc., Supra.
The code of professional responsibility, DR2-106, Fees for Legal Services provides in pertinent part:
‘(A) A lawyer shall not enter into an agreement for or charge or collect an illegal or clearly excessive fee.
(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee.
Factors to be considered as guides in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in a locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitation imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.’
Individuals cannot, by their conventions, derogate from the force of laws made for the preservation of public good or good morals. La.Civ.Code Art. 11. We view the Code of Professional Responsibility as being the most exacting of laws established for the public good. Hence, the prohibition against the lawyer collecting a ‘clearly excessive fee’ cannot be abrogated by a provision in the note fixing the amount of attorney fees as a percentage of the amount to be collected. Therefore, despite such a provision, courts may inquire into the reasonableness of the fee. W.K. Henderson Iron Works & Supply Co. v. Meriwether Supply Co., supra, holding to the contrary is especially overruled....”
Thus, in this case sub judice, this Court holds that the fee claimed by plaintiff must be considered under and with due regard to the above standard. In doing so, the Court finds that plaintiff law firm was consulted by defendant, and retained to represent her in the foreclosure and collection of a note of $125,000.00, given to her by her former husband, which was in default. The court *978 further finds that the financial condition of the husband was uncertain, convoluted and apparently threatened to such a degree that the security for the note was apparently imperiled and threatened. The previous history between the parties with respect to timely payment of the note was such as to foreclose a sense of confidence and reliance on the payment thereof by the maker under the terms therein included. .This condition was shown clearly to the Court’s satisfaction, the testimony of Mr. Durand substantiated by the mortgage certificates and, indeed, substantiated by the actual facts involved in the foreclosure undertaken by plaintiff legal firm for defendant.
The Court takes cognizance of the candid version volunteered by Mr. Durand that attorney fees which they had agreed to accept when contacted initially by Mrs. Davis was to be 15% of the principal and interest due, rather than the amount stipulated on the face of the note.
The Court finds that plaintiff legal firm moved with commendable rapidity in the appropriate ways to preserve its client’s rights. Mr. Durand testified, in some detail, as to what was done, which was substantiated by the time records introduced into evidence. The Court finds Mr. Durand a credible witness and further accepts the time records as credible evidence.
That the actions of plaintiff law firm were successful and did enure to the benefit of the defendant, its former client, Mrs. Davis, would appear clear beyond question because the Court finds that, as a result of such actions, Mr. Davis responded by partial payment, which was initially refused but which was subsequently tendered to and accepted by Mrs. Davis, without the acquiescence or concurrence of the plaintiff law firm, wherein the husband paid to Mrs. Davis $100,000.00, which she accepted, and, according to the testimony of Mrs. Davis, Mr. Davis was to remain bound to her for the remainder of the note.
After having received this payment, Mrs. Davis discharged plaintiff law firm. Subsequent to such discharge, plaintiff law firm contended and defended against a second injunction attempt by Mr. Davis to stop the executory process foreclosure which they had instituted on behalf of the client previously. They were successful. Mrs. Davis contends that they were not authorized to appear at this second injunction proceeding and defend it. However, Mr. Durand testified that at a meeting, Mr. Paul Hebert, the then attorney for Mrs. Davis (retained by Mrs. Davis after the issue of discharge of her first lawyers arose) asked plaintiff law firm to attend and defend the injunction proceedings in Jefferson Parish. Mr. Durand testified that Mr. Hebert requested that they do so, on behalf of Mrs. Davis. Mrs. Davis said she did not so authorize it. It is perhaps noteworthy that Mr. Hebert was not called, and could very easily have been called by Mrs. Davis, as- her witness and, accordingly, it would appear to the Court that there must be a presumption that if he had been called, he would have testified adverse to Mrs. Davis.
Considering efforts and their clear success which enured to the benefit of Mrs. Davis, the court finds reasonable attorney fees which any law firm is entitled to receive for services rendered in connection with the foreclosure proceedings and collection of the note against Mr. Davis and the property serving a security thereunder is $15,000.00.
Although the Court has found and held that in defending the second injunction proceeding, that the plaintiff law firm did so pursuant to a request by Mr. Hebert that they represent Mrs. Davis therein, the Court would further parenthetically note that even if such were not the case, that the amount hereinabove awarded would still appear to this Court to be a fair and reasonable amount due by Mrs. Davis to the attorneys for such representation, even pretermitting the second injunction proceedings. The Court will also parenthetically note that it was the testimony of Mrs. Davis that her husband, Mr. Davis, who was the defendant in the original foreclosure proceeding, had made a verbal agreement with her that he, not Mrs. Da *979 vis, would pay whatever attorney fees would be awarded to the plaintiff law firm, and that it was the attorney who had originally represented Mr. Davis who was the counsel of record and trial counsel for Mrs. Davis in the instant suit.
The Court further finds that with respect to claimed fees as a result of representation in the domestic relations matters under the testimony of Mr. Durand and the time records substantiating said testimony, the obvious successful consummation and conclusion of such representation, that the sum of $1,500.00 is a fair and reasonable fee due to attorneys for their representation in such matter.
With respect to the third element of recovery sought by plaintiff law firm, the defense of an open account action brought by a third party against Mrs. Davis, the court finds that a reasonable attorney fee therein would be the sum of $200.00.
Accordingly, the Court awards the sum of $16,700.00 to plaintiff, with interest from date of judicial demand, until paid.
The defendant is cast for costs.
Crowley, Acadia Parish, Louisiana, this 26 day of July, 1984.
s/ _
HUGH E. BRUNSON, DISTRICT JUDGE

. Reasons for ruling provided by the trial judge, with minor editorial changes, are attached as Appendix I.