JASPER E. JONES, Judge.
The plaintiff-appellant, Bhagu M. Patel, appeals a judgment in favor of the defendant-appellee, Bank of the Mid South, rejecting his demand to recover $10,000.00 deducted from his account by the bank. We affirm.
Appellant owned a motel in Bossier City which was subject to mortgages in favor of Life Investors Insurance Company and William J. Sneed. The motel was covered by fire insurance protecting the interests of Patel and both mortgagees.
On January 21,1986, the motel was damaged by fire. On July 15,1986, the insurer issued a draft in the amount of $595,570.32 payable to “Bhagy Patel dba Western Hills Motel, Life Investors Ins. and W.J. Sneed.” A second draft payable to the same parties in the amount of $11,780.19 was issued on August 22, 1986.
On July 17, 1986, appellant alone endorsed the first draft and deposited it in his account in Bank of the Mid South. Patel alone endorsed and deposited for collection the second draft on August 27, 1986. Despite the improper endorsements both drafts were paid and the proceeds credited to appellant’s account.
In August, 1986, appellant withdrew over $300,000.00 from his account which he used primarily to purchase certificates of deposit in other banks. In late August the appel-lee was notified by Life Investors that the first draft had been paid without its endorsement. Bank of the Mid South immediately “froze” Patel’s accounts.
Mr. John Price, president of the appellee bank, spoke to Patel about the situation, particularly about why funds were being moved out of his bank. Patel was apparently unresponsive and Price contacted the bank’s attorneys.
On August 29, 1986, the bank and the mortgagees brought suit against Patel seeking to recover the proceeds of the first draft and seizing by writ of attachment the accounts in which those proceeds were believed to be located. Following the suit appellant began to cooperate with the bank and the proceeds were retrieved from the other banks where they had been placed. The mortgagees were then paid from the funds and the bank deducted $10,000.00 from appellant’s account representing its attorney’s fees and expenses in the suit against Patel. The suit was then dismissed.
Patel then brought this action alleging that the $10,000.00 deduction from his account was unauthorized. After a trial on the merits the district judge found Patel had agreed to pay the bank’s expenses in its suit against him by the funds being deducted from his account. The trial judge rendered judgment rejecting Patel’s demands. This appeal followed.
Appellant contends the trial judge erred in:
1. finding he had agreed to pay the bank’s attorney’s fees and costs;
2. not finding that those fees were necessitated by the bank’s own negligence; and
3. failing to find the attorney’s fees to be excessive.

Assignment #1

Appellant argues that the trial judge erred in giving the testimony of defense witnesses too much credibility. He argues that the trial judge merely counted the witnesses on each side rather than weighing their testimony.
Credibility issues are properly allocated to the trier of fact and should not be disturbed on appeal absent manifest error. Wattik v. Lewis Grocer Co., 476 So.2d 444 (La.App. 2d Cir.1985).
The record shows the trial judge carefully considered the evidence and noted conflicts between the testimony of appellant and documentary evidence. Upon this basis the trial judge found appellant to be *1350 less credible because of his poor recall of the events and he found the defense witnesses to be more credible and accepted their version of the events.
The bank’s witnesses testified the bank’s expenses, including the attorney’s fees, were explained to the appellant at the time he agreed to pay them.
The record fully supports the trial judge’s resolution of the credibility issues in this case. There was no error in the trial judge’s finding that the appellant had agreed to pay the bank’s attorney’s fees and expenses. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).

Assignment #2

Appellant argues the trial judge should have found that the bank’s attorney’s fees and expenses were necessitated by its own negligence.
We disagree with appellant’s position. The record shows that the bank’s attorney’s fees and expenses were caused by appellant’s actions in moving funds out of the bank and in refusing to cooperate in resolving this matter until after the bank filed suit against him.
This assignment of error is without merit.

Assignment #3

Appellant argues that the attorney’s fees in this case charged by the bank’s attorneys are excessive and should be reduced to no more than $1,500.00.
Courts may inquire into the reasonableness of an attorney’s fee even where the fee has been fixed in a promissory note. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982).
The $10,000.00 charged to appellant’s account includes $2,000.00 in expenses in addition to the $8,000.00 fee charged by the bank's Louisiana counsel. This $8,000.00 fee is subject to review.
The record convinces us that the $8,000.00 fee is not excessive or unreasonable. The case was of an extremely urgent nature requiring immediate action by the attorneys. The case also was of substantial financial magnitude in that it involved over $300,000.00 considering only the funds which had been moved. The suit required seizure of funds in three banks. The bank’s attorneys obtained a successful result. Finally, though the record does not establish the total number of hours spent on the case, it is clear that the two attorneys who handled the matter devoted a great deal of time to it for several days.
This assignment of error is without merit.
The judgment of the district court is affirmed at appellant’s costs.