958 So.2d 1200 (2007)
BROOKEWOOD INVESTMENTS CO., L.L.C.
v.
SIXTY-THREE TWENTY-FOUR CHEF MENTEUR HIGHWAY, L.L.C. and Jacob V. Morreale.
No. 2007-CA-0050.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 2007.
Brian A. Jackson, Shannon S. Holtzman, Dana M. Douglas, Liskow & Lewis, APLC, New Orleans, LA, for Defendant/Appellee Linebarger Goggan Blair & Sampson, LLP.
Charles E. McHale, Jr., New Orleans, LA, for Defendants/Appellants Sixty-Three Twenty-Four Chef Menteur Highway, L.L.C. and Jacob V. Morreale.
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge MAX N. TOBIAS, Jr.).
*1201 PATRICIA RIVET MURRAY, Judge.
This is a suit to annul a tax sale. The parties to this suit are the tax purchaser, Brookewood Investments Co., L.L.C. ("Brookewood"); the tax debtor, Sixty-Three Twenty-Four Chef Menteur Highway, L.L.C. ("Sixty-Three"); and the two third party defendants: the City of New Orleans (the "City") and Linebarger, Goggan, Blair & Sampson, L.L.P. (the "Linebarger Firm"). From the trial court's judgment sustaining the Linebarger Firm's peremptory exception of no cause of action, Sixty-Three appeals. For the reasons that follow, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
On November 10, 2003, Brookewood purchased immovable property located in Orleans Parish for $591,343.03the total amount of the four years of delinquent ad valorem taxes (1999-2002) plus $140 in costs. On February 27, 2006, Brookewood filed a Motion for Writ of Seizure and Possession against Sixty-Three.[1] Sixty-Three responded by filing a reconventional demand asserting that the tax sale was invalid and should be declared an absolute nullity. Sixty-Three also filed a third-party demand against the City and the City's attorney, the Linebarger Firm. Sixty-Three asserted that the third-party defendants are necessary parties to this suit. The Linebarger Firm responded by filing an exception of no cause of action. The trial court sustained the exception and dismissed the Linebarger Firm without prejudice. This appeal followed.

DISCUSSION
The sole issue presented on this appeal is whether the trial court erred in sustaining the Linebarger Firm's exception of no cause of action. We review a trial court's decision on an exception of no cause of action de novo "because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition." City of New Orleans v. Board of Comm'rs of Orleans Levee Dist., 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253; see La. C.C.P. art. 931 (providing that no evidence can be introduced to support or to controvert an exception of no cause of action). The issue we must decide is "whether, on the face of the petition, the plaintiff is legally entitled to the relief sought." Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993).
Louisiana has a system of fact pleading, and the pleader's mere conclusions unsupported by facts are insufficient to state a cause of action. Montalvo v. Sondes, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131. Stated otherwise, "[i]t is insufficient to state a cause of action where the petition simply states legal or factual conclusions without setting forth facts that support the conclusions." Bibbins v. City of New Orleans, 02-1510, p. 5 (La.App. 4th Cir.5/21/03), 848 So.2d 686, 691.
With those principles in mind, we turn to the allegations pled in Sixty-Three's third party demand, which are as follows:
 Municipal Ordinance No. 18637 M.C.S. adopted by the City Council on March 5, 1998 permitting collection penalties of 30% of the amount of taxes, penalty, and interest due for the collection of delinquent taxes is unconstitutional.[2]

*1202  The collection penalties in this case, which amount to approximately $300,000, consists primarily of attorney's fees that were paid to the Linebarger Firm, and these fees do not represent penalties paid to the City for delinquent taxes.
 The Linebarger Firm performed a minimum of legal work, if any, and the fees charged are far in excess of any reasonable legal charges and, therefore, constitute violations of the professional rules promulgated by the Supreme Court of Louisiana, which regulates attorney's fees that would be allowed and approved in the State of Louisiana.
The gist of the allegations in the third party demand is two-fold: (i) the 1998 ordinance authorizing collection penalties is unconstitutional, and (ii) the collection penalties that were paid as attorney's fees to the Linebarger Firm are unreasonable. Insofar as the allegation that the 1998 ordinance is unconstitutional, this allegation is insufficient to state a cause of action against the Linebarger Firm.[3] As to the second issue, Sixty-Three cites Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982), for the proposition that the court has authority to review the reasonableness of attorney's fees. The Linebarger Firm counters that Leenerts Farms is inapposite. We agree.
In Leenerts Farms, the sole issue was "whether the courts may inquire into the reasonableness of attorney fees which have been fixed in a note by the parties as a percentage of the amount due upon default by the debtor." 421 So.2d at 218. In Leenerts Farms, unlike in this case, the attorney whose fees were challenged was not a defendant. Leenerts Farms thus does not stand for the proposition that a third party, like Sixty-Three, can maintain a cause of action to challenge attorney's fees under a contract to which it was not a party. Sixty-Three has no cause of action to challenge the reasonableness of the fee charged under the contract between the City and its attorney, the Linebarger Firm, to which it was not a party.
Nor does Sixty-Three have a cause of action against the Linebarger Firm in tort. As a general rule, an attorney does not owe a duty to act reasonably to prevent economic harm to his client's adversary. Frank L. Maraist and Thomas C. Galligan, Jr., Louisiana Tort Law, § 5.07[7](2nd ed. 2006)(citing Penalber v. Blount, 550 So.2d 577 (La.1989)). Based on the principle of undivided loyalty embodied in the Rules of Professional Conduct, the Louisiana Supreme Court has "adopted the traditional, majority view that an attorney does not owe a legal duty to his client's adversary when acting on his client's behalf." Scheffler v. Adams and Reese, LLP, 06-1774, p. 14 (La.2/22/07), 950 So.2d 641, 652. A non-client has no cause of action against his adversary's attorney absent allegations of malice or specific intent to harm. Montalvo, 637 So.2d at 130-31. No such allegations were made in this case. Accordingly, the trial court did not err in sustaining the Linebarger Firm's exception of no cause of action.

*1203 DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED
NOTES
[1] According to Brookewood, Sixty-Three was the owner of the Property at the time of the tax sale, and Jacob V. Morreale was a former owner. For ease of discussion, we refer herein to these parties collectively as "Sixty-Three."
[2] The Ordinance provides:

All delinquent taxes for prior years, and taxes that remain delinquent on April 1 of the year in which they become delinquent, incur an additional penalty to defray costs of collection if the taxing unit has referred the collection of the delinquent takes, penalty and interest to an attorney or collection agency. The amount of the additional penalty shall be thirty percent of the amount of taxes, penalty, and interest due." Ordinance No. 18637, § 150-46.3.
[3] Likewise, Sixty-Three's allegation that the 1999 taxes are prescribed is insufficient to state a cause of action against the Linebarger Firm.