CLARENCE E. McMANUS, Judge.
 

 |
 
 STATEMENT OF THE CASE
 

 Richard and Janelle O’Brien were married and owned a home located at 1620 Hesiod St. in Metairie, LA. They divorced and on July 30, 2002 they entered into a Community Property Consent Judgment. The consent judgment provided that Janelle O’Brien (“Janelle”) would receive sole ownership of the land and structures located at 1620 Hesiod St., which was the former matrimonial domicile. The consent judgment also provided that Richard O’Brien (“Richard”) would give up all ownership in the Hesiod St. property, but he would also receive sole ownership of his law practice.
 

 Thereafter, Francis and Jacqueline Cornelia (“the Cornelias”) filed a lawsuit against Richard O’Brien seeking money due to them. On August 20, 2003, the Comellas received a judgment against Richard in the amount of $100,000.00 pursuant to a confirmation of default hearing. The judgment was recorded in the mortgage records of Jefferson Parish on that same day. On August 25, 2004, Janelle O’Brien obtained a mortgage on the Hesiod St. property with BSM Financial, LP (“BSM”).
 

 On May 22, 2007, the Comellas filed a Petition for Declaratory Judgment to determine the status and ranking of the judgments and the mortgage as they pertain to the Hesiod St. property. The judgments and mortgage specifically referred to in |sthe Comellas petition include the judgment in their favor against Richard O’Brien obtained August 25, 2003, the consent judgment between the O’Briens recorded August 3, 2002, and the mortgage by Janelle O’Brien dated August 31, 2004 in favor of BSM. The Cornelias allege their judgment primes the mortgage in favor of BSM and further allege the consent judgment did not transfer ownership of the property exclusively to Janelle. Thus, they allege Richard still retained ownership of the property when they obtained the judgment against him, therefore, their judgment is valid against the Hesiod St. property. Originally, the Comellas only named BSM as a defendant. Following an exception of nonjoinder of party arguing Janelle should be joined as a defendant, the Comellas filed a First Amended and Supplemental Petition naming Janelle O’Brien and BSM as defendants.
 

 
 *902
 
 The matter was submitted to the trial court on briefs only. On February 19, 2009, the trial court issued a judgment finding that the community property settlement between Janelle and Richard did constitute a transfer of title to the Hesiod St. property. Therefore, the trial court found that the judicial mortgage in favor of the Comellas against Richard does not prime the mortgage obtained by Janelle. The trial court also issued written reasons for judgment on the same date. The trial court found that the intent of the parties to the consent judgment was clear, that the former community property of the O’Briens was to be partitioned and the house was to belong to Janelle.
 

 The Cornelias now appeal this judgment. For the reasons which follow, we affirm the trial court’s judgment.
 

 DISCUSSION
 

 The consent judgment entered into by Janelle and Richard O’Brien constitutes a contract between the parties. Interpretation of a consent judgment, 14which is a contract, is the determination of the common intent of the parties. La. C.C. art. 2045;
 
 Nungesser v. Nungesser,
 
 95-2298 (La.App. 1 Cir. 6/28/96), 694 So.2d 312. Each provision in the contract is interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.
 
 Nungesser, supra.
 
 When the words of a contract are clear and explicit and lead to no absurd consequences, the intent of the parties is to be determined by the words of the contract.
 
 Nungesser, supra,
 
 citing
 
 Leenerts Farms, Inc. v. Rogers,
 
 421 So.2d 216 (La.1982).
 

 A review of the consent judgment indicates the intent of the O’Briens was to transfer title to ownership in the 1620 Hesiod St. property entirely to Janelle O’Brien. The consent judgment further illustrates this intent by stating that Richard retains sole ownership of his law practice in exchange for Janelle receiving complete ownership of the 1620 Hesiod St. property. The terms of the consent judgment were effective immediately as of the date the judgment was signed by the parties, July 30, 2002.
 

 Therefore, we affirm the trial court’s finding that the intent of the parties was to partition the community property and the Hesiod St. property was to belong to Janelle effective as of the date of the consent judgment. Thus, the Cornelias’ judgment against Richard, dated August 25, 2003, does not prime the mortgage obtained by Janelle in favor of BSM.
 

 Accordingly, we affirm the trial court’s judgment finding that the consent judgment transferred title of the community property to Janelle and, thus, the judgment of the Cornelia’s against Richard does not prime the mortgage obtained by Janelle.
 

 AFFIRMED.