NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-788


EDNA BREAUX

VERSUS

STATE FARM  MUTUAL AUTOMOBILE
INSURANCE COMPANY, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2019-10088
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


ELIZABETH A. PICKETT
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Candyce G. Perret, Judges.



AFFIRMED.



Martin Mayard, LLC
Katherine Paine Martin
Gretchen Heider Mayard
John Edward Ortego
Post Office Box 81338
Lafayette, Louisiana 70598-1338
(337) 291-2440
COUNSEL FOR DEFENDANTS/APPELLEES:
    Harry Duplechin
    State Farm Mutual Automobile Insurance Company

**Stutes & Lavergne, LLC**
**Russell J. Stutes, Jr.**
**P. Jody Lavergne**
**Jeanette Dewitt-Kyle**
**Deil J. Lalande**
**600 Broad Street**
**Lake Charles, LA 70601**
**(337) 433-0022**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Edna Breaux**

**PICKETT, Judge.**

The plaintiff appeals the trial court's judgment granting the defendants' exception of res judicata and dismissing her claim against the defendants. We affirm.

**FACTS**

On May 21, 2018, while driving her vehicle, Edna Breaux was involved in an accident with a vehicle owned and operated by Harry Duplechin and insured by State Farm Mutual Automobile Insurance Company. The accident caused damage to Mrs. Breaux's vehicle and injuries to her neck and back. Following the accident, State Farm paid to repair the damage to Mrs. Breaux's vehicle caused by the accident. Thereafter, she submitted claims to State Farm to recover damages for the diminished value of her vehicle and her personal injuries.

On October 18, 2018, Mrs. Breaux sent a proof of loss to State Farm for the diminished value of her vehicle in the amount of $7,861.49. On December 6, 2018, State Farm responded, asserting that Mrs. Breaux did not have a claim for diminished value because her vehicle had been "repaired to factory specification."

On December 10, 2018, Mrs. Breaux's counsel and State Farm's adjustor negotiated a settlement in the amount of $13,652. In accordance with the settlement, State Farm transmitted a check in the amount of $13,652 dated December 10, 2018, and a Release to Mrs. Breaux. On December 28, 2018, Mrs. Breaux, her husband, and her attorney signed the Release and negotiated the settlement check.

By letter dated December 31, 2018, Mrs. Breaux continued seeking a settlement for her diminished-value claim with State Farm's adjustor. Having no success, she filed suit against the defendants on her diminished-value claim.

Counsel for State Farm initially obtained an informal extension of time to file an answer to the suit, but in March 2019, it filed an exception of res judicata, urging that Mrs. Breaux released all her claims against State Farm and its insured when she signed the Release and negotiated the settlement check.

Counsel for Mrs. Breaux contends that in their December 10, 2018 telephone conversation, he and State Farm's adjustor discussed a settlement of only Mrs. Breaux's bodily injury claim and agreed to continue negotiations of her diminished-value claim thereafter. Counsel asserts that by correspondence dated that same day, he stated that Mrs. Breaux accepted State Farm's offer to settle her bodily injury claim and that an attachment to State Farm's $13,652 check noted that the check was for "Bodily Injury Liability."

A hearing on State Farm's exception was held July 1, 2019. During the hearing, counsel for State Farm was allowed to admit into evidence a copy of the Release signed by Mrs. Breaux and ten other documents associated with the parties' settlement and Mrs. Breaux's execution of the Release. Specifically, counsel pointed to the following language contained in the Release:

> [The Breauxs] hereby fully and forever release and discharge [State Farm and its insured] . . . from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries known and unknown . . . .
>
> . . . .
>
> [They accepted the settlement] for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, known or unknown, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the incident described above.

Later in the hearing, counsel for Mrs. Breaux sought to introduce documents and a CD into evidence, arguing the items show that when the parties negotiated

and finalized the settlement for $13,652, they intended to settle only Mrs. Breaux's bodily injury claim, but not her diminished-value claim. The trial court refused to admit the items into evidence, stating: "No, I don't think we need anything . . . . I have everything I need, and I'm basically just looking at the release. And I find the release to be unambiguous and clear that it's a settlement of all claims. Be careful if you sign a release." The trial court allowed Mrs. Breaux to proffer the items she sought to introduce into evidence.

The trial court concluded that Mrs. Breaux released her bodily injury claim and her diminished-value claim when she executed the Release in favor of State Farm. After the trial court signed a judgment granting the exception of res judicata and dismissing Mrs. Breaux's claim against State Farm, she filed this appeal.

## ASSIGNMENTS OF ERROR

Mrs. Breaux now assigns the following three errors with the trial court proceeding and judgment:

1. The trial court erred in its application of the peremptory exception standard for determining whether all claims have been resolved, which states that any ambiguity must be resolved in favor of the nonmovant.

2. The trial court erred in refusing to consider evidence proffered by Plaintiff's counsel prior to reaching its decision when it allowed Defendants to present evidence in support of their position.

3. The trial court erred in concluding the parties intended to settle Mrs. Beaux's diminished-value claim and related penalties and attorney's fees.

## DISCUSSION

We must determine whether the trial court's grant of State Farm's exception of res judicata was legally correct or incorrect. *Ames v. Ohle*, 16-612 (La.App. 4

Cir. 4/26/17), 219 So.3d 396. In doing so, we review factual findings pertinent to the exception to determine if they are manifestly erroneous or clearly wrong. *Id.*

We address Ms. Breaux's three assignments of error together, as they are interwoven. In *Maggio v. Parker*, 17-1112, pp. 4-5 (La. 6/27/18), 250 So.3d 874, 878-79, the supreme court addressed the issues presented by Mrs. Breaux's appeal, explaining:

> "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." La. Civ. Code art. 3071. The compromise instrument is governed by the same general rules of construction applicable to contracts. *Brown v. Drillers, Inc.*, 93-1019 (La. 1/14/94), 630 So.2d 741, 748. Therefore, in interpreting a contract, the analysis must start with the premise that legal agreements have the effect of law upon the parties and that the courts are bound to give legal effect to all such contracts according to the true intent of the parties. *Leenerts Farms, Inc. v. Rogers*, 421 So.2d 216 (La.1982). *See also Brown*, 630 So.2d at 748 (a compromise "must be interpreted according to the parties' true intent"). This principle is enshrined in the Civil Code, which states: "A compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express." La. C.C. art. 3076.
>
> Accordingly, when the words of the settlement agreement are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. C.C. art 2046. However, Louisiana courts have crafted a jurisprudential exception to the extrinsic evidence rule for compromise agreements. When a dispute arises as to the scope of a compromise agreement, "extrinsic evidence can be considered to determine exactly what differences the parties intended to settle." *Brown*, 630 So.2d at 749. As this Court unanimously remarked in *Brown*, . . . a "long line of jurisprudence holds that a general release will not necessarily bar recovery for those aspects of a claim not intended by the parties to be covered by the release." *Id.* Intent is determined by reading the compromise instrument "in light of the surrounding circumstances at the time of execution of the agreement." *Id.* at 748-49. The parties to a release instrument are therefore "permitted to raise a factual issue as to whether unequivocal language in the instrument was intended to be unequivocal." *Id.*
>
> In interpreting this jurisprudential rule, courts have cautioned that, absent some substantiating evidence of mistaken intent, no

4

reason exists to look beyond the four comers [sic] of the instrument to ascertain intent. *Brown*, 630 So.2d at 749. Therefore, utilizing a case-by-case analysis, Louisiana courts have limited the application of the extrinsic evidence exception to cases in which substantiating evidence is presented establishing either (1) that the releasor was mistaken as to what he or she was signing, even though fraud was not present; or (2) that the releasor did not fully understand the nature of the rights being released or that the releasor did not intend to release certain aspects of his or her claim. *Id*. When the factual circumstances surrounding the execution of the release instrument do not fall within either of the above categories, Louisiana courts have applied the general rule of construction in La. Civ. Code art. 2046 and have not hesitated to confine their analysis to the four corners of the instrument. *Brown*, 630 So.2d at 749.

In *Cressy v. Huffines Hyundai McKinney, LP*, 16-712 (La.App. 3 Cir. 2/22/17), 212 So.3d 683, *writ denied*, 17-510 (La. 5/19/17), 220 So.3d 751, this court rejected the plaintiff's argument that he did not intend to release all his claims in the release that his sister signed on his behalf. The panel in *Cressy* explained:

> A party represented by counsel may not defeat a written settlement and release that is unambiguous on its face by merely alleging that he did not understand it. Otherwise, no settlement would be enforceable without more litigation which defeats the whole public policy favoring settlements. Signatures on documents are not mere ornaments. If a party can read, it behooves him to examine an instrument before signing it.
>
> > A person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, or that it was not explained or that he did not understand it.
>
> There is little incentive to settle if a party to the settlement agreement may later seek to void it based merely on his self-serving statements, without more, and in the absence of any evidence of fraud or ill practices, that he misunderstood what he signed or that he did not intend to sign what he signed.

*Cressy*, *Id*. at 689-90 (quoting *Hymel v. Eagle, Inc.*, 08-1287, pp. 13-14 (La.App. 4 Cir. 3/18/09), 7 So.3d 1249, 1257-58 (citations omitted), *writ denied*, 09-873 (La. 5/15/09), 8 So.3d 590).

5

The trial court allowed State Farm to introduce documents other than the Release at issue but refused to allow Mrs. Breaux to introduce evidence in support of her claim that she settled only her bodily injury claim when she signed the Release. Jurisprudence and La.Code Civ.P. art. 931[1] contemplate the admission of evidence in conjunction with a peremptory exception of res judicata in situations such as this one. *Maggio*, 250 So.3d 874. Moreover, the trial court allowed State Farm to introduce evidence in addition to the Release. Accordingly, we find the trial court erred in not admitting into evidence the documents and CD proffered by Mrs. Breaux.

We have reviewed and considered the entire record, including the items proffered by Mrs. Breaux. All State Farm correspondence that conveyed a settlement offer to Mrs. Breaux's counsel stated: "This settlement offer is inclusive of all damages, known and unknown, and any liens, assignments or statutory rights of recovery." As noted above, the Release included more extensive language releasing "any and all claims . . . on account of any injuries known and unknown."

Mrs. Breaux's counsel responded to State Farm's December 10, 2018 offer stating that she accepted its "offer . . . to settle . . . bodily injury claim." Nonetheless, counsel allowed Mrs. Breaux to sign the Release and negotiate the settlement check on December 28, 2019. Furthermore, three days after signing the Release and negotiating the settlement check, counsel acknowledged in writing that State Farm's December 10, 2018 offer encompassed her diminished-value

---

[1] Louisiana Code of Civil Procedure Article 931 provides for the admission of evidence in conjunction with a peremptory exception tried "prior to the trial of the case . . . to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition."

claim and her bodily injury claim when he stated: "This letter serves to confirm our December 10, 2018 telephone conversation, wherein you reaffirmed State Farm's denial of Mrs. Breaux's diminished-value claim for her 2014 Toyota Camry." We find no error with the trial court's granting State Farm's exception of res judicata and dismissing Mrs. Breaux's claim for diminished value.

## DISPOSITION

The trial court's judgment is affirmed. All costs are assessed to Edna Breaux.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.